980 F.2d 729
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reginald COLEMAN, Plaintiff-Appellant,
v.
Sheriff Jack OWENS, Defendant,
Officer Pope; Officer Christopher; Officer Stanton;
Officer Kilpatrick; Lt. Terry Miller; Officer
Keith Chapman, Defendants-Appellees.
 No. 91-6094.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1992.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Reginald Coleman, a pro se Tennessee prisoner, appeals a judgment for the defendants following a bench trial in his civil rights case filed under 42 U.S.C. § 1983. Coleman's appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Coleman alleged that he was beaten by a group of guards during his incarceration at the local jail in Shelby County, Tennessee. After hearing testimony from both sides, the district court entered a judgment for the defendants. The court found that there was a preponderance of evidence showing that the defendants used reasonable force to quell an altercation between several inmates, including Coleman. It is from this judgment that Coleman now appeals. His brief on appeal contains a request for counsel.
 
 
 3
 Coleman argues that the district court's judgment is not supported by the evidence. The essence of his direct testimony is quoted below:
 
 
 4
 On December the 21st, 1988, between 11:00 and 12:00 I was in my cell, Officer Stanton, Officer Pope, Officer Kilpatrick, Officer Christopher, they called me--well, they call everybody to stand by their cell. And I stood up at my cell. And these officers called me out and they just grabbed me and started beating me and kicking me. And then they knocked me down on the ground and started hitting me with lock--these keys. And then after that they--Officer Kilpatrick hollered and stated that's enough. And then they had me to stand up against the wall.
 
 
 5
 And then Sergeant Miller come around the corner and he had made a statement as why you always doing something when I'm not around.
 
 
 6
 Q. [By the Court] Statement to whom?
 
 
 7
 A. To the officer.
 
 
 8
 And Officer Pope and Sergeant Miller and Officer Christopher took me around to the medic and the doctor seen me and gave me some pain medicine and some cold compresses for the swelling in my head, and they sent me back to the cell and that was--that's what happened.
 
 
 9
 Coleman's testimony is generally corroborated by the testimony of two other inmates.
 
 
 10
 One of the defendants, Officer Edward Christopher, stated that he and another officer were approached by an inmate who told them that he had been beaten. Christopher indicated that the other inmates may have thought that this inmate was an informant. The officers investigated and found five or six inmates fighting with one another. They ordered them to return to their cells but the inmates refused and continued fighting. Christopher said that he and the other guards used reasonable force to return the inmates to their cells. He specifically denied Coleman's version of the incident. Christopher's testimony is indirectly supported by the testimony of two other guards.
 
 
 11
 The district court is primarily responsible for determining the credibility of these witnesses. Fed.R.Civ.P. 52(a). The court's factual findings should not be set aside unless they are clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. at 574. Even greater deference is required when credibility is at issue and the trial court has had an opportunity to observe the demeanor of the witnesses. Id. at 575. It was not clearly erroneous for the court to credit Officer Christopher's testimony over Coleman's. Coleman argues that Christopher's testimony was contradicted by an incident report and also by the defendants' answer to the complaint. However, the alleged discrepancies do not contradict the crux of Christopher's testimony.
 
 
 12
 Coleman next argues that the district court should have applied the holding in Hudson v. McMillian, 112 S.Ct. 995 (1992). He also argues that the court erroneously treated his case as though it were a suit for the denial of medical treatment. In Hudson, the Supreme Court held that a cognizable Eighth Amendment claim may exist when prison guards maliciously use excessive force, even if a prisoner is not seriously injured. However, the district court did not base its decision on a finding that Coleman was not seriously injured. It is also clear that the district court properly analyzed Coleman's excessive force claim.
 
 
 13
 Finally, Coleman argues that the court made several procedural and evidentiary errors in his case. In particular, he argues that the court failed to rule on his request for a subpoena duces tecum, that the court failed to grant his motion for appointment of counsel, that the court allowed the defense to elicit hearsay testimony, and that he was denied his right to examine the defendants who were not present at trial. Upon review, we conclude that the district court did not abuse its discretion in these matters.
 
 
 14
 Accordingly, Coleman's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.